IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


THOMAS J. KELLY,

    Plaintiff,

vs.                                Case No. 4:04cv437-RH/WCS

GLENDA HOOD, as
SECRETARY OF STATE FOR
THE STATE OF FLORIDA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983, doc. 1, and Defendant Hood filed a motion to dismiss.  Doc. 5.  Plaintiff was directed to reply to the motion to dismiss, and "specifically directed to address Defendant Hood's argument that Plaintiff lacks standing in this matter to challenge the loyalty oath."  Doc. 6.  Plaintiff has filed a response.  Doc. 8.

Plaintiff recently filed an amended complaint, doc. 9, and a motion, doc. 10.  Plaintiff's motion seeks summary judgment, or alternatively, oral argument on Plaintiff's Tenth Amendment claim.  Doc. 10.  Plaintiff previously attempted to file an "amendment to complaint," doc. 3, but because the document merely pointed out details Plaintiff wished to amend, he was advised that the document was ineffective as an amended

complaint.  Doc. 6.  Plaintiff was instructed that an amended complaint must be complete in and of itself and in compliance with Rule 8.  *Id.*

Under FED. R. CIV. P. 15(a), a party may "amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."  For purposes of Rule 15, "the term 'responsive pleading' does not include such filings as a motion to dismiss or a motion for summary judgment."  <u>Brewer-Giorgio v. Producers Video, Inc.</u>, 216 F.3d 1281, 1284 (11th Cir. 2000), *citing* <u>Burns v. Lawther</u>, 53 F.3d 1237, 1241 (11th Cir. 1995).  Thus, leave of court is not required in this case since Defendant has only filed a motion to dismiss.

Technically, then, Defendant's motion to dismiss is now moot because Plaintiff has filed an amended complaint.  The initial complaint, doc. 1, is virtually identical to the amended complaint, doc. 9.  The are only minor and inconsequential differences.[1]  Further, the primary argument raised in the motion is that Plaintiff lacks standing to raise these claims.  It is also argued that Plaintiff's claim should be dismissed on the merits because Plaintiff previously litigated the same issues he raises in the instant case in <u>Kelly v. Harris</u>, 6:02cv434-Orl-31KRSG.  Doc. 5.  These arguments are equally applicable to the current amended complaint, and Plaintiff has filed a response to the motion.  Thus, there is no need to have this motion to dismiss filed again.  More importantly, a litigant's standing must be addressed by the Court *sua sponte* because standing concerns Article III jurisdiction.

---

[1] The primary difference is that Plaintiff attached an exhibit F to the amended complaint.  That exhibit is plaintiff Wexler's responsive memorandum to a motion to dismiss filed in state court case number 502004CA000491xxxxMBAA, filed in Circuit Court, Fifteenth Judicial Circuit, Palm Beach County, Florida.  Doc. 9.

**Plaintiff's allegations**

The two central issues Plaintiff has raised are identical: (1) may the Defendant permit a political party to adopt and enforce a rule governing First Amendment conduct in a general election and (2) may the Defendant allow the political party to "enforce a candidate qualification requirement after the Florida Legislature has repeal that requirement?"  Doc. 1, p. 3; doc. 9, p. 4.

The oath that Plaintiff challenges is a prohibition against Democratic officeholders "from publicly supporting or financially contributing to any non-Democrat in a general election if that non-Democrat is running against a Democrat."  Doc. 1, p. 4; doc. 9, p. 5. Plaintiff contends that no Democrat has challenged the party loyalty oath.  Doc. 1, p. 5; doc. 9, pp. 6, 7.  A copy of the Loyalty Oath has been submitted with Plaintiff's amended complaint, doc. 9, and the initial complaint, doc. 1, as Exhibit D.

Plaintiff's Tenth Amendment claim is less than clear.  The only allegation Plaintiff makes to support this claim is that FLA. STAT. § 99.021(1)(a)(2) was repealed by the Florida legislature in 1970, but is "essentially identical to the current Florida Democratic Party party [sic] loyalty oath."  Doc. 1, p. 6; doc. 9, p. 8.  Plaintiff asserts that if Defendant allows political parties to "reconstitute then enforce repealed election law requirements, there will be as many election codes in Florida as there are political parties."  *Id.*

In his request for relief, Plaintiff alleges that Defendant, Florida's chief election officer, is negligent and that negligence violates Plaintiff's First and Tenth Amendment rights.  He seeks a declaration that the Florida Democratic Party's loyalty oath is unconstitutional and an order striking it from the Florida Democratic Party's constitution

and bylaws.  Doc. 1, p. 6; doc. 9, p. 9.  Plaintiff concludes by asserting that the Defendant "has failed to defend Plaintiff's rights, as well as every Floridian's rights, to participate in a campaign free from any First Amendment or Tenth Amendment abuses."  Doc. 1, p. 7; doc. 9, p. 9.

**Defendant's arguments**

Defendant contends that Plaintiff lacks standing in this case.  Defendant also argues that the claim is without merit.

Defendant relies primarily upon an earlier case which Plaintiff litigated without success, Kelly v. Harris, et al., case no. 6:02cv434 (M.D. Fla. 2002) (Doc. 9, ex. A), *aff'd*, Kelly v. Harris, 331 F.3d 817 (11th Cir. 2003).  In that case, Plaintiff also challenged the Democratic Party's loyalty oath.  He was then registered as a Republican and alleged that the oath violated his First Amendment right to vote.  As explained in the order by District Judge Presnell, Plaintiff was elected or appointed to an executive committee office with the Republic party and was asked to sign a loyalty oath.  Doc. 9, ex. A, p. 2.  Plaintiff was informed that he could not serve on the committee unless he signed the oath.  *Id.*, at 2.  Plaintiff then inquired of the Democratic party whether they had such an oath and, upon learning that they did, he began researching the history of such oaths.  *Id.*, at 2-3.  Plaintiff asserted that the loyalty oath interfered with his right to vote.  *Id.*, at 5.  He argued that the oath infringed on his right to vote because it limited the kind of candidates he could vote for in Florida's general election.  331 F.3d at 819.

The district court held that Plaintiff did not have standing to press his claims because he did not show any injury. Doc. 9, ex. A, pp. 5-6. The court also found that Plaintiff failed to state a claim upon which relief may be granted. Doc. 9, ex. A, p. 6.

The Eleventh Circuit held only that Plaintiff lacked standing to challenge the oath because he could not show "any of the constitutional requirements for a case or controversy." 331 F.3d at 821. Plaintiff could not show a cognizable injury or causation, nor would a favorable ruling redress any alleged harm or provide a remedial benefit to Plaintiff. *Id.*, at 820-21.[2]

**Standard of Review**

Dismissal of a complaint, or a portion thereof, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted should not be ordered unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A court must accept as true the allegations of the complaint when ruling upon such a motion. Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*, 113 S. Ct. 1586 (1993). *Pro se* complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

---

[2] Plaintiff has also lost a similar challenge in state court. Kelly v. Oliver, et al., case no. 5D01-2194, filed in Florida's Fifth District Court of Appeal. Plaintiff's appeal to the Fifth District resulted in a *per curiam* affirmation. Plaintiff's appeal was decided against him on September 3, 2002. The court's docket may be accessed through http://www.5dca.org.

> Federal Rule of Civil Procedure 8(a)(2) . . . provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").

**Standing**

Federal courts are courts of limited jurisdiction, Aldinger v. Howard, 427 U.S. 1, 15, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976), circumscribed by Article III's case or controversy requirement. Ala. Power Co. v. U.S. Dep't of Energy, 307 F.3d 1300, 1308 (11th Cir. 2002). "Standing is an irreducible minimum necessary under Article III's case-or-controversy requirement." Alabama Power, 307 F.3d at 1308, *cited in* Kelly v. Harris, 331 F.3d at 819. Standing requires a plaintiff to "show (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." Kelly v. Harris, 331 F.3d at 819-820.

Plaintiff has not alleged any concrete and particularized injury personal to him that is traceable to the Democratic Party loyalty oath. Plaintiff has no constitutional right infringed by a Democratic office holder's inability to support or contribute to a non-Democratic candidate. Plaintiff cannot claim the rights of other persons to support a particular candidate for office. Plaintiff has not alleged that a specific Democratic office holder was or is willing to support him but was or is constrained against doing so by this

loyalty oath. The general allegation that no Democratic publicly has supported him or financially contributed to his campaign is insufficient to show a causal connection because this does not show that a Democrat failed to do so *because* of the loyalty oath. It is far more likely that Plaintiff has not had support from an officeholder who is a member of another party due to party loyalty independent of this oath. Plaintiff lacked standing in 2002 as a Republican. Plaintiff has not shown any difference, for purposes of standing, between his status as a Republican and his status as a third-party candidate.

**The Merits**

Even if Plaintiff had standing, he would fail to state a claim even if he were challenging a party oath of *his own political party*. The Eleventh Circuit held in Duke v. Massey, 87 F.3d 1226 (11th Cir. 1996) that the rights of a political party to define its membership, to exclude those who do not hold to the same views of its association, and to limit its association, trumps the rights of a candidate for political office. 87 F.3d at 1232-33. Political party loyalty oaths are common and have been upheld. *See* Ray v. Blair, 343 U.S. 214, 221-22, 72 S.Ct. 654, 657-58, 96 L.Ed. 894 (1952)[3] (recognizing the legitimacy of party loyalty oaths and noting that they "protect[] a party from intrusion by those with adverse political principles."); *cited in* Duke v. Cleland, 954 F.2d 1526, 1532 (11th Cir. 1992) (concluding "that the Republican Party in this case enjoys a

---

[3] In that case, the State Democratic Executive Committee of Alabama required "candidates in its primary to pledge support to the nominees of the National Convention of the Democratic Party for President and Vice-President." Ray v. Blair, 343 U.S. at 222, 72 S.Ct. at 658. The Court ultimately held "that the Twelfth Amendment does not bar a political party from requiring the pledge to support the nominees of the National Convention." 343 U.S. at 231, 72 S.Ct. at 662.

constitutionally protected right of freedom of association."). "[P]arty procedures to guard against intrusion by those with inconsistent ideologies are legitimate." Duke v. Cleland, 954 F.2d at 1532. Indeed, the United States Supreme Court has consistently held to the principle that a political party has a constitutionally protected right of political association to the "common advancement of political beliefs," which "necessarily presupposes the freedom to identify the people who constitute the association, and to limit the association to those people only." Democratic Party of United States v. Wisconsin, 450 U.S. 107, 122, 101 S.Ct. 1010, 1019, 67 L.Ed.2d 82 (1981); *see, e.g.,* Cousins v. Wigoda, 419 U.S. 477, 95 S.Ct. 541, 42 L.Ed.2d 595 (1975); Rosario v. Rockefeller, 410 U.S. 752, 93 S.Ct. 1245, 36 L.Ed.2d 1 (1973). Thus, in answer to Plaintiff's second stated issue in this case, the Democratic Party may enforce a loyalty oath so as to protect it's First Amendment right of association.

Turning to Plaintiff's first issue, it is noted that Plaintiff attempts to make a distinction in whether the loyalty oath could be enforced in a general election as opposed to a primary election. Doc. 9, p. 4. As noted by the Eleventh Circuit, Plaintiff "remains free in the general election to vote for independent or third-party candidates who have not signed any party's loyalty oath, including possible write-in candidates." Kelly v. Harris, 331 F.3d at 820. The distinction is of little significance because whether in a general election or primary election, the loyalty oath required of Democratic candidates does not infringe on Plaintiff's ability to vote in the election.

Finally, it is noted that the amended complaint alleges that "Defendant's negligence as Florida's chief election officer infringes upon" Plaintiff's rights. Doc. 9, p. 8. Plaintiff, thus, appears to base his § 1983 claims at least in part on Defendant's

alleged negligence.  *Id.*  A state official's negligent conduct does not constitute an actionable deprivation under § 1983.  County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986).

Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss, doc. 5, be **GRANTED**, the complaint be dismissed for lack of standing and for failure to state a claim upon which relief may be granted, and that all pending motions be **DENIED** as moot.

**IN CHAMBERS** at Tallahassee, Florida, on April 6, 2005.

      s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**